**Herbert ARCE–RETANA, a.k.a. Herbert Conrado Arce–Retana, Petitioner–Appellant,**

v.

**Nathalie ASHER, ICE Field Office Director, Respondent–Appellee.**

No. 13–35549.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 1, 2014.

Herbert Arce–Retana, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy Michael Belsan, DOJ–U.S. Department of Justice, Washington, DC, Helen J. Brunner, Esquire, Assistant U.S., Priscilla To–Yin Chan, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Herbert Arce–Retana appeals pro se from the district court's final judgment dismissing with prejudice his 28 U.S.C. § 2241 habeas petition challenging his immigration detention and bond amount. We dismiss the appeal for lack of jurisdiction.

We lack jurisdiction to review the district court's dismissal of Arce–Retana's habeas petition because his subsequent departure from the United States following his release from immigration custody during the pendency of his appeal moots his requests for release from custody on the condition of bond and for a reduction in the bond amount. *See Mamigonian v. Biggs,* 710 F.3d 936, 942 (9th Cir.2013) ("Federal courts do not have constitutional authority to decide moot cases."); *see also Abdala v. INS,* 488 F.3d 1061, 1065 (9th Cir.2007) (dismissing a habeas petition for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mootness, where the petitioner's deportation "cur[ed] his complaints about the length of his INS detention" and presented "no collateral consequences ... that his original petition could have redressed").

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

